## CUNNINGHAM *a.* WIDING.

*Supreme Court, First District ; Special Term, November,* 1857.

ATTORNEY.—MOTION FOR PAPERS.—LIEN FOR COSTS.

A motion to require an attorney to give up to his client papers in a suit is not necessarily a motion in such suit, and may be made in the first district, although the action is triable elsewhere.

Where it is doubtful whether an attorney is in the right in a claim set up by him against his client for fees and costs, and the client offers to give security for the amount shown to be due, the attorney should be ordered to deliver up, on security being given, papers on which he asserts a lien for the amount of his claim.

Motion by plaintiff for an order requiring his attorney to sign a consent for the substitution of a new attorney in his stead, and to deliver up the papers in the action.

The facts on which the motion was based appear in the opinion.

*Martin V. B. Wilcoxson,* for the motion.

*George S. Bellows,* opposed.

MITCHELL, J.—The affidavits are entitled as above (merely Supreme Court, not designating what State or county), and they also show that the place of trial of the action is Herkimer county. If the present motion were necessarily a motion in this action, and between the parties to it, the motion should be made in that county, but no objection was made to its being heard here ; and it is not between the above parties, but by the above plaintiff against his attorney, who resides here, and might, therefore, be entitled in the matter of the attorney.

The affidavits show that the plaintiff has paid his attorney all his expenses and taxable costs, but has not paid all the demands

for counsel fees, and that a reference is now pending on the question whether any counsel fees are due, and, if so, how much? Before the reference, the plaintiff's attorney had written to his client, declaring that he would abandon the action unless he was paid his demand within a limited time. After that he gave notice that he would not proceed with the action, and notified the opposing attorney to the same effect, and to serve papers on the plaintiff himself. There may have been language in some of these communications showing an intent to retain a lien on the papers; but if this is to be deemed so, he could not retain his lien after he abandoned the action, unless the fault was clearly on the part of his client. This does not appear; the controversy as to the amount due, and as to the time when it should be payable, is one in which it is doubtful who is in the right.

The plaintiff offers to give security to pay what should be found due. Let him do so, and let the attorney deliver over to the plaintiff or his present counsel all the papers in the cause.*

---

\* The following is the order, as settled by Mr. Justice Mitchell :—

At a special term, &c.

*In the matter of the application of Thomas Cunningham against —— to compel him to sign a consent to the substitution of a new attorney, and to deliver the papers, pleadings, &c., in the case of Cunningham against Widing, now pending in this court in Herkimer county.*

On reading and filing the notice of motion and affidavits of, &c., in the above entitled matter, and on motion of, &c., and after hearing, &c.

It is ordered as follows : Upon said Cunningham giving —— security to the satisfaction of a justice of this court for the payment of such sum (if any) as shall be found due said —— from said Cunningham, in an action now pending in this court, wherein said —— is plaintiff and said Cunningham defendant, and brought to recover a certain sum alleged to be due for advice and services rendered by said —— as the attorney of said Cunningham, in the said entitled action of Cunningham against Widing ;—Let the said —— sign a consent for the substitution of M. V. B. Wilcoxson in his stead as the attorney of said Cunningham, in the above-mentioned action of Cunningham against Widing, and let him deliver over to said Wilcoxson such consent, and the papers, pleadings, copies of deeds, and all other papers, of every character, connected with the said action of Cunningham against Widing, now in his possession, under oath, within one day after the approval of the aforesaid security, as hereinbefore provided ; a copy of the proposed security to be served on said —— two days before presentation of the same to the justice, with notice of the day of its presentation for approval.